MICHAEL AND ELIZABETH BAYBAK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baybak v. Commissioner
Docket No. 25625-88
United States Tax Court
T.C. Memo 1994-554; 1994 Tax Ct. Memo LEXIS 567; 68 T.C.M. (CCH) 1140; 68 Trade Cas. (CCH) P1140; November 1, 1994, Filed *567 Decision will be entered under Rule 155. James J. Jackson, for petitioners. Steven Roth, for respondent. DAWSON, Judge. NAMEROFF, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax Year
Deficiency
Sec. 6653(a)
Sec. 6653(a)(1) [1]
1980
$ 76,119
$ 3,806
--  1981
26,697
--  $ 1,335
1982
7,296
--  365
*568 Additions to Tax Year
Sec. 6653(a)(2)
Sec. 6651(a)
1980
--
--
1981
[2]
--
1982
[2]
$ 1,875
The parties filed a stipulation of agreed adjustments with the Court on August 19, 1994. After concessions by both parties, the only issue for decision is whether petitioners are liable for the additions to tax under section 6653(a)(1) and (2) for 1981 and 1982. Moreover, the parties stipulated that in determining whether petitioners are liable for the additions to tax for negligence for 1981 and 1982, we need only determine whether petitioners were negligent in claiming the employee business and miscellaneous expenses that were attributable to Michael Baybak & Co., the nondeductibility of which was conceded by petitioners. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Sherman Oaks, California. They bear the burden of proving that respondent's determinations are erroneous. Rule 142(a); . *569 In 1979, petitioner Michael Baybak (hereinafter referred to as petitioner) formed a public relations and advertising company, Michael Baybak & Co., as a sole proprietorship. On October 1, 1980, petitioner incorporated Michael Baybak & Co. (hereinafter referred to as the Company) and became its president and majority shareholder. For 1981 and 1982, petitioner received wages of $ 110,135 and $ 62,600, respectively, from the Company. Moreover, from time to time, with the unanimous written consent of the shareholders of the Company, petitioner received loans from the Company totaling $ 144,504 during the period from November 1980 through December 1981. Petitioner, as an employee of the Company, and its other employees would, from time to time, incur expenses on behalf of the Company. During the years at issue, the Company had a reimbursement policy which provided for the reimbursement of expenses incurred by its employees [2] on its behalf. The reimbursement policy, which was instituted by petitioner as president of the Company, was as follows: Staff are standardly reimbursed for business expenses incurred on the company's behalf and paid for personally.
*570 Procedurally: prepare a purchase order and get Treasury or my own approval prior to expenditure. Be sure to indicate the client and project to be billed -- if applicable. You will be reimbursed the check-writing after proper documentation is presented to Treasury. If you must spend the money and aren't, first, logistically able to get approval, the company will reimburse upon presenting proper documentation. In my own case, my salary will sometimes necessarily have to cover business expenses incurred for auto, promotion, office, periodicals, and occasional other expenses deemed necessary to conduct the business. Being still a relatively young company with very limited funds, the president must often bear these expenses until conditions improve. When conditions improve, and when company funds are adequate, I will be reimbursed also -- given, of course, my proper documentation.
For the taxable year 1981, petitioner claimed unreimbursed employee expenses attributable to the Company in the amount of $ 3,449, and, for the taxable years 1981 and 1982, petitioner claimed unreimbursed miscellaneous employee expenses attributable to the Company in the respective amounts of *571 $ 3,147 and $ 1,142. Petitioner neither requested nor received reimbursement from the Company for his business expenses. Instead, petitioner claimed these expenses as Schedule A deductions on his joint Federal income tax returns. Petitioners have conceded, without explanation, that these deductions are not allowable, and, for purposes of this opinion, we find that the Company had a reimbursement policy pursuant to which petitioner could have been reimbursed. Respondent contends that petitioners were negligent in claiming such reimbursable business expenses on their return. Respondent's reasons are that (a) under the reimbursement policy of the Company, petitioner was entitled to be reimbursed for his expenses if the Company's funds were adequate; (b) the record of loans from the Company to petitioner demonstrates that the Company's funds were adequate; (c) petitioner, as president of the Company, knew that he could have been reimbursed for his expenses; and (d) therefore, petitioner was negligent in claiming the unreimbursed expenses on his returns. Petitioners, however, contend that they were not negligent in claiming these expenses on their 1981 and 1982 tax returns because *572 they reasonably relied on the advice of their return preparer. Section 6653(a)(1) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest on the portion of the underpayment attributable to negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do in the circumstances. . If a taxpayer relies reasonably and in good faith upon the advice of a competent and experienced accountant in the preparation of the taxpayer's return, the addition to tax for negligence or the intentional disregard of rules or regulations is not applicable. . To show good faith reliance, the taxpayer must show the return preparer was supplied with all the necessary information and the incorrect return was a result of the preparer's mistakes. . *573 At trial, petitioners' return preparer, George Arthur Duggan, who is also the company's controller, testified on petitioners' behalf. [3] Mr. Duggan has a bachelor's degree from the University of Texas and a master's degree in business administration with a specialty in accounting from the University of California at Berkeley. Prior to working for the Company, Mr. Duggan operated his own tax accounting firm and had prepared 300 to 400 tax returns. Mr. Duggan testified that petitioners presented him with all their tax information, including receipts and canceled checks, for the years at issue. Moreover, Mr. Duggan testified that, as the Company's controller, he was well aware of its reimbursement policy and the fact that petitioner had neither claimed nor received reimbursement of his business expenses. Finally, he testified *574 that, based on his understanding of the tax law, he believed petitioner could claim any business expenses that had not been reimbursed by the Company, irrespective of whether petitioner was entitled to reimbursement. We found Mr. Duggan's testimony credible. Based on these facts, we conclude that petitioners' deduction of the unreimbursed expenses in 1981 and 1982 was not the result of negligence. Mr. Duggan was apparently provided the necessary information and records to prepare accurate returns, and petitioners were entitled to rely on Mr. Duggan's expertise that the expenses were deductible. Accordingly, we hold that petitioners are not liable for the additions to tax for negligence for 1981 and 1982. To reflect the parties' concessions and our conclusion with respect to the disputed issue, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. In the notice of deficiency, respondent erroneously determined additions to tax under sec. 6653(a)(1)(A) and (B) for 1981 and 1982. The applicable negligence section for 1981 and 1982 is sec. 6653(a)(1) and (2).↩
2. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
2. During the years at issue, Michael Baybak & Co. had between 10 and 15 employees at any given time.↩
3. Although Mr. Samuel Chilkov, a certified public accountant, actually signed petitioners' 1982 Federal income tax return, Mr. Duggan was extensively involved in the preparation of the return.↩